UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GUILLERMO RAMIREZ MONTES, )
)
Petitioner, )
)
v. ) No. 2:26-cv-00176-JPH-MJD
)
BRISON SWEARINGEN )
FIELD OFFICE DIRECTOR )
TODD M. LYONS )
KRISTI NOEM )
PAMELA JO BONDI )
)
)
Respondents. )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Guillermo Ramirez Montes is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials in February 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Ramirez Montes now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or, in the alternative, that he receive a bond hearing under 8 U.S.C. § 1226(a) or a bond hearing held by the Court. Dkt. 1 ¶¶ 69–78.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on March 25, 2026**, Respondents must either: (1) afford Mr. Ramirez Montes an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ramirez Montes from custody, under reasonable conditions of supervision.

1

## I.   Background

Mr. Ramirez Montes, a citizen of Mexico, entered the United States approximately 26 years ago and has resided in the United States since at least 2000. Dkt. 1 ¶¶ 50–51; dkt. 6 at 2. Earlier this year, Mr. Ramirez Montes was arrested for operating a vehicle without a license. Dkt. 6 at 2. On February 20, 2026, Immigration and Customs Enforcement (ICE) issued an I-200 Warrant for Arrest of Alien, detained Mr. Ramirez Montes, and served him with a Notice to Appear. Dkt. 6-1 at 3; dkt. 6-2.

The Notice to Appear charges Mr. Ramirez Montes with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not being in possession of necessary nationality and identity documents. Dkt. 6-2 at 4. The "arriving alien" checkbox is unmarked. *Id.* at 1.

## II.   Discussion

Mr. Ramirez Montes claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), applicable bond regulations (Count II), and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 55–68. Respondents argue that Mr. Ramirez Montes is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Ramirez Montes's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Ramirez Montes is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission,* if the examining immigration officer determines that *an alien seeking*

4

*admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Ramirez Montes Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Ramirez Montes is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Ramirez Montes who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is

5

inconsistent with decades of prior statutory interpretation and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 9–10; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb, 6, 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Ramirez Montes can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro,* 2025 WL 2896348, at *14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

precedent.[2] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Ramirez Montes, *i.e.*, arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Ramirez Montes, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Ramirez Montes was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Ramirez Montes's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief. The Court therefore concludes that Mr. Ramirez Montes is entitled to a bond hearing under § 1226.

### III. Scope of Relief

Mr. Ramirez Montes is entitled to habeas relief because his continued detention without a bond hearing violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Ramirez Montes requests immediate release from custody or, in the

alternative, an individualized bond hearing before the Court of an immigration judge. Dkt. 1 ¶¶ 69–78.

Immediate release is the customary remedy in habeas proceedings. *See Thursaissigiam,* 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren,* 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Ramirez Montes's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations, as that is the relief that is warranted both under the INA and 28 U.S.C. § 2241(c)(3).

The request for injunctive relief prohibiting re-detention of Mr. Ramirez Montes is denied because Mr. Ramirez Montes did not support this request in his petition.

### IV.   Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 25, 2026**, Respondents must either: (1) provide Mr. Ramirez Montes with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ramirez Montes from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on March 27, 2026**, Respondents must file documentation certifying that they have provided Mr. Ramirez Montes with a bond hearing or released him from detention.

Mr. Ramirez Montes's request for attorney's fees and costs under the Equal Access to Justice Act, 8 U.S.C. § 2412, must be presented in a proper motion under Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within 14 days** of the date of this Order. Thereafter, Respondents will have **14 days** to respond.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/20/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov